UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No: 04 C 4520 |
| APPROPRIATE TEMPORARIES, INC., | ) ) | Judge John W. Darrah |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Equal Employment Opportunity Commission, filed a subpoena against Respondent, Appropriate Temporaries, Inc., seeking production of certain documents from January 1, 2001. Respondent is a temporary staffing company, and Plaintiff seeks these documents to determine if Respondent discriminated against two former employees by requiring them to assign temporary workers to clients in a discriminatory manner.

The subpoena was previously granted in part and allowed Plaintiff to obtain documents from June 2, 2003 onwards but did not allow Plaintiff to recover electronic records. Significantly, this date was approximately three-hundred days preceding the filing of charges, the period within which Plaintiff may recover any damages. *E.g., Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995).

Presently before the Court is Plaintiff's Motion for Production of Subpoenaed Documents from January 1, 2001 until June 2, 2003, because the originally produced documents reflect

requests for temporary employees based upon discriminatory criteria. Nothing in Plaintiff's motion makes any reference to the electronic records referred to in paragraph c of Plaintiff's subpoena.

## ANALYSIS

Respondent argues that Plaintiff's request should be denied because: (1) the documents are not relevant because they seek information about personnel decisions which occurred over three-hundred days before the charges were filed; (2) the documents already produced do not show any discrimination which would require Respondent to produce any more documents; (3) Plaintiff has failed to follow its own procedure and, instead of making a determination that discrimination has already occurred, is seeking more discovery; and (4) the document request is unduly burdensome.

As to Respondent's first contention, events occurring outside the three-hundred-day limitation period are relevant in disposition on the merits even if a plaintiff may not seek recovery for these events. *E.g., Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1349 (7th Cir. 1995). Furthermore, the relevance requirement for an EEOC subpoena is "not onerous"; evidence that "might throw light upon" the charge raised is discoverable. *EEOC v. United Air Lines, Corp.*, 287 F.3d 643, 653, 654 (7th Cir. 2002) (citation omitted) (*United Air Lines*); *see also EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 46 (6th Cir. 1994) (finding that events three years prior to the three-hundred-day limitation period were relevant for discovery purposes). Accordingly, documents concerning events occurring outside the three-hundred-day limitation period are relevant.

Respondent argues that the documents it has and would produce do not demonstrate that the charging employees were required to use discriminatory criteria when placing temporary employees and only show work order requests but not how work orders were filled. Issues concerning how work orders were filled relate to Plaintiff's ultimate burden of proof, as opposed to the relevance of the documents. As discussed above, the documents Plaintiff seeks are relevant for purposes of discovery.

Respondent contends that Plaintiff has already determined that Respondent has engaged in discriminatory actions and that, therefore, Plaintiff has violated its own procedures that require Plaintiff to remain neutral. Respondent argues that Plaintiff served a subpoena at Respondent's business and that Plaintiff has determined that produced documents "reveal that clients of Respondent made requests for temporary workers based on discriminatory criteria and that Respondent may have complied with these requests." (Resp't Ex. C). This conduct, though, does not necessarily mean that Plaintiff has failed to act in a neutral manner.

As to the final contention, Respondent must demonstrate production would be unduly burdensome by showing "compliance would threaten the normal operation of [its] business." *United Air Lines*, 287 F.3d at 653. "If the personnel or financial burden on the employer is great compared to the resources the employer has at its disposal, the district court should attempt to alleviate this burden." *United Air Lines*, 287 F.3d at 653-54. The relevance of the material versus the burden of production should also be weighed. *United Air Lines*, 287 F.3d at 654.

Respondent argues that producing two-and-a-half years' worth of documents would be unduly burdensome because it is a small company that would have to: (1) hire a computer consultant; (2) hire additional temporary employees; (3) and copy tens of thousands of additional

3

documents. Respondent also contends that completing this task would halt its normal business operations, as it has a limited number of employees. Respondent has produced affidavits in this regard, as well as presenting evidence that the prior document production substantially affected its business. According to Respondent, it incurred legal fees, $5,000.00 in costs, $20,000.00 in loss of time, and a seventeen percent drop in billable hours.

Plaintiff argues that Respondent's claims are speculative because it only took Respondent approximately one month to complete the prior production. However, it cannot be said that producing documents for an additional two-and-a-half years will not cause Respondent some additional amount of monetary and time burden.

As noted above, the documents are relevant for purposes of discovery in that they may demonstrate that clients have requested temporary workers based on discriminatory criteria, although it cannot be said that the documents will conclusively establish that Respondent filled the positions in a discriminatory manner.

Balancing these factors of relevance and burdensomeness, ordering Respondent to produce all responsive documents, from January 1, 2001 until June 2, 2003, would be unduly burdensome. Respondent is therefore ordered to produce all responsive documents from January 1, 2002 until June 2, 2003. Plaintiff and Respondent are ordered to each pay one-half of

the reasonable costs of hiring a computer consultant and temporary workers needed by Respondent to produce the requested documents and the costs of copying the requested documents.

Dated: January 24, 2005

JOHN W. DARRAH
United States District Judge